STATE, APPELLANT, *v.* MALARKY, RESPONDENT.

(No. 4,408.)

(Submitted January 12, 1920. Decided January 30, 1920.)

[187 Pac. 635.]

*Intoxicating Liquors—Searches and Seizures—Search-warrant— Fatal Variance—Dismissal.*

Intoxicating Liquors — Confiscation — Search-warrant — Complaint — Fatal Variance—Dismissal.
  1.  Where the complaint in proceedings under the Search and Seizure Act (Chap. 143, Laws 1917) alleged that defendant had contraband liquors deposited at No. 601 of a certain street, and a search-warrant was issued to search such premises, and the officer searched the premises at No. 603 on that street, seizing, among other things, a small amount of liquor, the departure was fatal to the validity of the proceedings, and a judgment of dismissal was proper.
Search-warrant—Strict Construction.
  2.  The authority of an officer conferred by a search-warrant is not to be extended by construction to any case not clearly covered by the statute.

*Appeal from District Court of Silver Bow County; John V. Dwyer, Judge.*

PROCEEDING by the State against Andrew T. Malarky and certain intoxicating liquors, under the Enforcement Act (Chap. 143, Laws 1917). Judgment for defendant. The state appeals. Affirmed.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assistant Attorney General, and *Mr. Jos. R. Jackson, Mr. N. A. Rotering, Mr. A. C. McDaniel* and *Mr. F. L. Riley,* for the State, filed a brief; *Mr. Riley* argued the cause orally.

All the law requires is that a sufficient description be given in a search-warrant, so that the premises desired to be searched may be identified and located. It is held in *Milwaukee Beer Co.* v. *State,* 55 Okl. 181, 155 Pac. 200: "We are of opinion that this particular statute should receive a somewhat broader and more liberal construction than the statutes in reference to common-law search-warrants." (See, also, *State* v. *Markuson,* 7 N. D. 155, 73 N. W. 82; *Gullatt* v. *State* (Ala.), 74 South. 970; *State* v. *Minnehan,* 83 Me. 310, 22 Atl. 177; *Rose* v. *State,* 171 Ind. 662, 17 Ann. Cas. 228, 87 N. E. 103; *State* v. *Moore,* 125 Iowa, 749, 101 N. W. 732; *State* v. *Robinson,* 49 Me. 285; *Commonwealth* v. *Certain Intoxicating Liquors,* 122 Mass. 36; *McSherry* v. *Heimer,* 132 Minn. 260, 156 N. W. 130; *State* v. *Nejin,* 140 La. 793, 74 South. 103.)

It has been held by some courts that the presence of intoxicating liquors in court will correct any defect in the search-warrant, the position being that the liquor being contraband and outlawed, it matters not how it may be brought into court. This is the position of the supreme court of Alabama in the case of *Hemmelweit* v. *State* (Ala.), 75 South. 961. (*Ferguson* v. *Josey,* 70 Ark. 94, 66 S. W. 345; *O'Neal* v. *Parker,* 83 Ark. 133, 103 S. W. 165.)

*Mr. William Meyer,* for Respondent, submitted a brief and made oral argument.

Counsel contend that the presence of intoxicating liquors in court will correct any defect in the search-warrant and cite the cases of *Hemmelweit* v. *State* (Ala.), 75 South. 961, *Ferguson* v. *Josey,* 70 Ark. 94, 66 S. W. 345, and *O'Neal* v. *Parker,* 83 Ark. 133, 103 S. W. 165, as authority for this statement. In the first case, under the law of Alabama, the possession of intoxicating liquors was unlawful. That is not true in this state.

The *Ferguson* v. *Josey Case* and the *O'Neal Case,* were decided under statutes entirely different from the statutes in this state, and the question involved was a different one from the question here presented to the court.

The purpose of a search-warrant is, of course, to examine one's premises or persons with a view to the discovery of stolen, contraband or illicit property, but recognizing the fact that the purpose of it could very easily be violated, both the federal Constitution by the fourth amendment and our state Constitution, Article III, section 7, provided certain limitations upon the right of a search-warrant. It has been well said: "The security intended to be guaranteed by the provisions against wrongful search and seizure is designed to prevent violations of private security in person and property and unlawful invasion of the sanctity of the home of the citizen by officers of the law, acting under legislative or judicial sanction, and to give remedy against such usurpations when attempted." (24 R. C. L. 703, sec. 5; *Larthet* v. *Forgay,* 2 La. Ann. 524, 46 Am. Dec. 554; 23 Cyc. 297, 300.)

"The search-warrant must contain a description of the premises to be searched so specific and accurate as to avoid any unnecessary or unauthorized invasion of the right of privacy. To this end it should identify the property in such a manner as to leave the officer no doubt and no discretion as to the premises to be searched." (23 Cyc. 297 (D).) "The proceedings will be invalidated by any substantial variance between the complaint and the warrant as for instance, in the description of the premises to be searched." (23 Cyc. 297 (E).)

MR. JUSTICE COOPER delivered the opinion of the court.

The provisions of Chapter 143, Laws of 1917, page 239, commonly known as the Enforcement Act, furnish the basis for this proceeding. Section 7 thereof authorizes the court, upon a proper showing, to issue a search-warrant directing the seizure of all intoxicating liquors found within the building or premises therein described.

The facts are these; On the thirty-first day of January, 1919, as a foundation for a search-warrant, a complaint was sworn [1] to and filed by one of the prosecuting officers of Silver Bow county, alleging that there was probable cause to believe that Andrew T. Malarky was possessed of and had deposited ''in that certain building situate at and numbered 601 North Main Street, Butte, Silver Bow County, Montana,'' intoxicating liquors, which Malarky intended for sale, exchange, gift, barter or other disposition in violation of law, and praying that a warrant issue for a search of the premises and the seizure of such intoxicating liquors, together with the vessels containing the same and all implements, furniture and other articles used or kept in connection with its sale. In compliance therewith a search-warrant was issued by the district court containing a true copy of the complaint, commanding any peace officer of that county, with the necessary and proper assistants, to thoroughly search the premises described in the complaint, and to seize any 'intoxicating liquors found therein, together with the vessels containing the same and all implements, furniture, fixtures and other articles used in connection therewith. In compliance with the warrant, as shown by the return thereon, John F. Melia, a deputy constable for South Butte township, at No. 603 North Main Street in the city of Butte, seized a quantity of candy, tobacco, cigars, soft drinks, three empty demijohns with a trace of whisky therein, and one bottle containing four ounces and another six ounces of whisky. Thereafter Andrew T. Malarky filed a paper claiming the property as his own, demanding its return and declaring that none of the articles were used or intended to be used with intent to violate any of the prohibition laws of the state of Montana. The cause was tried by the court and at the close of the testimony in behalf of the state the court dismissed the proceeding and directed the return of the property to the claimant. The appeal is from the judgment.

As stated above, the search-warrant contains a copy of the complaint and commands the officer to thoroughly search the premises described in the complaint.

Error by the trial court is urged in granting the motion; in dismissing the action and in sustaining the following motion of claimant to strike: "We (counsel for claimant) move to strike out all the testimony of this witness with reference to the search-warrant dated February 4, 1919, introduced in this case as an exhibit, for the reason that it appears from the testimony of this witness that that property was seized in a building described and numbered as 603 North Main Street, Butte, Montana."

The sole question for decision is whether the premises searched and in which the property described in the officer's return was found were the same premises described in the complaint and search-warrant. The district court granted the motion to dismiss and gave judgment against the state upon the ground of variance between the search-warrant and the proof. The officer to whom the search-warrant was delivered and to whom directions were given to search "that certain building situate at and numbered 601 North Main Street, Butte," upon the trial, testified: "There is no 601 North Main Street. * * * The only number I saw on the building was 603. * * * I entered the building on Woolman Street. There are three entrances from the outside that I know of to the building."

Assuming, as we are bound to do under the settled rule of this court, that all the evidence tending to prove plaintiff's case is true, it is apparent that the proof failed to establish the fact that the premises actually searched were the premises described in the search-warrant. As was observed in *State* v. *Guthrie,* 90 Me. 448, 38 Atl. 368, a search-warrant "is a sharp and heavy police weapon to be used carefully lest it wound the security or liberty of the citizen." In *State ex rel. Streit* v. *Justice Court,* 45 Mont. 375, 48 L. R. A. (n. s.) 156, 123 Pac. 405, it is said: "The search-warrant was not known to the early common law. It grew up by 'imperceptible practice' and was first confined to the case of stolen goods. Its legality was denied by Lord Coke. (*Entick* v. *Carrington,* 19 How. St. Tr. 1030.) The use of it was subsequently extended. (2 Chitty's General Practice, p. 180.) Because it is a process subject to much abuse,

it has in this country generally been limited in its use by constitutional restrictions. (Const., sec. 7, Art. III; *Robinson* v. *Richardson*, 13 Gray (Mass.), 454.)''

A clear elaboration of the forms to be observed in proceeding under this act will be.found in the opinion of the Chief Justice in the very recent case of *State ex rel. Prato* v. *District Court*, 55 Mont. 560, 179 Pac. 479.

The authority of a searching officer, susceptible as it is of [2] great abuse, and affecting the very essence of personal security, is not to be extended by construction to any case not clearly covered by the statute. (*State ex rel. Streit* v. *Justice Court, supra.*) In the view of the trial court, the departure was fatal to the validity of the proceedings, and in this we agree.

The judgment appealed from is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.

(Submitted January 12, 1920. Decided January 30, 1920.)