STATE, Respondent, *v.* MACOLUCA, Appellant.

(No. 5,692.)

(Submitted March 30, 1925. Decided April 25, 1925.)

[235 Pac. 719.]

*Intoxicating    Liquors—Unlawful    Possession—Evidence—Sufficiency.*

1. Evidence in a prosecution for unlawful possession of intoxicating liquor showing that the officers found a large quantity of wine in defendant's home the alcoholic content of which was above eleven per cent, supplemented by the admission of defendant that it was his, made by himself, *held* sufficient to warrant judgment of conviction.

Intoxicating Liquors, 33 C. J., sec. 505, p. 761, n. 53.

*Appeal from District Court, Custer County; S. D. McKinnon, Judge.*

Tony Macoluca was convicted of unlawfully possessing in-toxicating liquor and appeals. Affirmed.

*Mr. H. G. McIntire* and *Mr. Homer G. Murphy,* for Appellant, submitted a brief; *Mr. McIntire* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. Rudolph Nelstead,* County Attorney of Custer County, for the State, submitted a brief; *Mr. A. H. Angstman,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

Upon a trial in the district court of Custer county the defendant was found guilty of the crime of unlawfully possessing intoxicating liquor, and from the judgment entered on the verdict of the jury he has appealed to this court.

All of the evidence produced by the state at the trial had been secured under search-warrant proceedings. Prior to the date of the trial the defendant had moved the court to suppress this evidence on the ground that the search-warrant had been illegally issued. The motion was denied. At the trial all the testimony given by witnesses for the state was admitted over defendant's objection that it had been unlawfully obtained.

Hi Farnum, sheriff of the county, called as a witness for [1] the state, testified that on June 7, 1924, he searched the defendant's house under a search-warrant and found therein two kegs of wine, one containing thirty gallons, the other ten gallons and also one jug of wine, all of which he took into his possession and had retained, except two samples which he had delivered to Harry Hoffman, a chemist, for analysis. Mr. Hoffman was called as a witness, and testified that the alcoholic content of each of these samples was above eleven per cent. These two samples were identified as state's exhibits 1 and 2, and as such were admitted in evidence, and thereupon the state rested.

The defendant, testifying as a witness in his own behalf, stated that he had lived at the place where the sheriff ob-

tained the wine for about a year and a half; that the wine found by the sheriff was his; that he had made it four or five months previously and had kept it in the premises for his own use.

Counsel for defendant have assigned fourteen specifications of error, seven of which have to do only with the action of the court in overruling objections to the admission of the evidence obtained under the search-warrant proceedings. Most of the argument in counsel's brief is devoted to an effort to show that these proceedings were invalid. The transactions leading up to the issuance of the search-warrant in this matter, and all proceedings thereunder, including the motion to suppress the evidence obtained under it were in effect the same as those in the case of *State* v. *Rice, ante,* p. 272, 235 Pac. 716, and on the authority of that case we hold that the court did not err in admitting the evidence over any of the objections urged against it.

Independent of the defendant's admissions, the evidence was sufficient to support the judgment; and likewise the defendant's admissions while on the witness-stand would sustain the judgment independent of the testimony introduced by the state.

The remaining specifications of error relate to certain instructions given by the court and to certain of defendant's offered instructions which the court refused to give. While counsel have called attention to these given and offered instructions in their brief, they have not undertaken to point out wherein the court erred in giving or refusing to give any of them. We have, however, examined all of them, and do not find where the court erred in its rulings thereon.

The judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.