STATE, RESPONDENT, *v.* RICE, APPELLANT.

(No. 5,693.)

(Submitted March 30, 1925.    Decided April 25, 1925.)

[235 Pac. 716.]

*Intoxicating Liquors—Unlawful Possession—Search-warrants—*
*Contents—Affidavit—Sufficiency—Suppression of Evidence—*
*When Motion Too Late—"John Doe" Warrants.*

Intoxicating Liquors—Illegal Search-warrant—Suppression of Evidence—
Motion—When Too Late.

1.  A motion to suppress evidence consisting of articles alleged to
have been seized under an illegal search-warrant, not made until the
opening of the trial of a charge of unlawful possession of liquor, was
too late.

Same—Seizures—Owner not Entitled to be Heard as Claimant in Absence
of Verified Claim.

2.  In the absence of the verified claim to articles seized under an
alleged void search-warrant required by section 11105, Revised Codes
of 1921, the claimant has no right to be heard at the hearing at
which ownership is to be determined.

Same—Search-warrant—Affidavit—Sufficiency.

3.  Affidavit filed by a county attorney together with his deposition
and the deposition of the person who asserted therein that he had
purchased intoxicating liquor at a certain place, examined and *held*
to contain positive statements of fact justifying a justice of the
peace in the belief that there was probable cause that intoxicating
liquor was possessed in the building described, and warranting the
issuance of a search-warrant.

Same—Search-warrant Need not Contain Name of Owner of Premises to
be Searched—"John Doe" Warrants.

4.  A search-warrant issued under section 11104, Revised Codes, is not
required to contain the name of any person or that it be directed
against any person, it being sufficient if it describe the premises
to be searched; therefore where the name "John Doe" was inserted,
it was surplusage and hence the fact that defendant did not answer
that description did not vitiate the warrant.

Same—Unlawful Possession by Defendant—Burden not upon State—In-
structions.

5.  An instruction offered by defendant in a prosecution for the ille-
gal possession of intoxicating liquor that the burden was upon the
state to prove beyond a reasonable doubt that the liquor was pos-

---

1.  Right to recover property held by public authorities as evidence
for use in a criminal trial, see notes in 11 A. L. R. 681; 13 A. L. R.
1168.

3.  See 24 R. C. L. 707.

4.  See 24 R. C. L. 715.

sessed by the defendant with intent to dispose of the same unlawfully was properly refused, section 11079, Revised Codes, providing otherwise.

---

Criminal Law, 16 C. J., sec. 2195, p. 874, n. 99.

Intoxicating Liquors, 33 C. J., sec. 371, p. 675, n. 2; sec. 378, p. 681, n. 86; sec. 390, p. 686, n. 59; sec. 549, p. 793, n. 75.

*Appeal from District Court, Custer County; S. D. McKinnon, Judge.*

FLOYD RICE was convicted of unlawfully possessing intoxicating liquor and appeals from the judgment. Affirmed.

*Messrs. Homer G. Murphy* and *H. G. McIntire,* for Appellant, submitted a brief; *Mr. McIntire* argued the cause orally.

In Blakemore on Prohibition, page 306, the following appears under the subtitle, "Search-warrant—Name of Defendant: 'Where the name of the accused person is known, it should be stated in the affidavit and search-warrant. Indeed, it is said in 3 Cyc. 930, that an affidavit which fails to name in its body a known defendant is insufficient * * * ; when it can be reasonably done, John Doe warrants are to be avoided. (*United States* v. *Doe,* 127 Fed. 982; *West* v. *Cabell,* 153 U. S. 78, 85, 86, 38 L. Ed. 643, 14 Sup. Ct. Rep. 752 [see, also, Rose's U. S. Notes]; *Weaver* v. *Ficke,* 174 Ky. 432, 192 S. W. 515; *United States* v. *Camarota,* 278 Fed. 388.)" See, also, *Weaver* v. *Ficke,* 174 Ky. 432, 192 S. W. 515; *United States* v. *Borkowski,* 268 Fed. 408, 411; *Gardner* v. *Kraft,* 52 How. Pr. (N. Y.) 499.

*Mr. L. A. Foot,* Attorney General, and *Mr. Rudolph Nelstead,* County Attorney of Custer County, submitted a brief in behalf of the State; *Mr. A. H. Angstman,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

On June 7, 1924, the county attorney of Custer county filed an information in the district court, charging the defendant

with the offense of unlawfully possessing intoxicating liquor, alleged to have been committed on that day. On June 26, 1924, the defendant entered a plea of not guilty to the information. The case came to trial on September 10, 1924, and resulted in a verdict of guilty, upon which judgment was rendered and entered, from which the defendant has appealed.

Defendant's main contention on this appeal is that the court erred in allowing the state to introduce in evidence five bottles of beer which had been obtained under search-warrant proceedings.

It appears from the recitals contained in defendant's bill of exceptions that on June 7, 1924, the county attorney appeared before a justice of the peace of Miles City township, Custer county, and made an affidavit in the usual form that he had just and probable cause to believe and did believe that intoxicating liquors were unlawfully kept for sale at a certain described building located in Miles City, which was in the possession of *John Doe,* and was being used as a place for the sale of such liquors and for no other purpose, and as reasons for his belief stated that one Heath, whose deposition accompanied the affidavit, declared therein that he (Heath) had purchased two bottles of beer from said John Doe in said building, for which he paid fifty cents each. The deposition of Heath was taken before the justice on the same day, and in it he declared that he had visited the premises described in the affidavit of the county attorney which were commonly known as the "Beer Shack," and there purchased from the person in charge two bottles of beer, for which he paid fifty cents each. The deposition of the county attorney was also taken before the justice, and in it he gave the legal description of the premises known as the Beer Shack. Upon these papers the justice of the peace issued a search-warrant.

The affidavit of the county attorney is entitled: "The State of Montana *ex rel.* Rudolph Nelstead, County Attorney of Custer County, plaintiff, v. John Doe and Certain Intoxicating

[73 Mont. 272.]

Liquors, Utensils, Furniture, and Fixtures, defendants," and recites that "the building is in the possession of and occupied by said John Doe."

The search-warrant recited the filing of the affidavit of the county attorney; that it is made to appear thereby and by the depositions and evidence taken in support thereof that intoxicating liquors were possessed and kept for sale in the premises which were particularly described, "and that one H. E. Heath did * * * purchase intoxicating liquors from the above-named John Doe at and in said building above described." The balance of the warrant follows substantially the requirements of section 11072, Revised Codes of 1921.

On June 9, 1924, the sheriff made his return on this search-warrant to the effect that he had served the same and had found in the building described in the warrant three full cases of beer and other property consisting of empty beer cases, empty bottles, glasses, bar towels, *etc.*, which he took into his possession and held subject to the order of the court; also that when he made the search and seizure he found Floyd Rice in possession of the premises upon whom he served the search-warrant and to whom he gave a receipt for the seized property.

On June 10, 1924, the justice of the peace filed the complaint, depositions, search-warrant and the sheriff's return thereto in the district court. Subsequently the judge of the district court, on motion of the county attorney, ordered that the twenty-eighth day of June, 1924, at 10 o'clock A. M., in the courtroom of said court, be fixed as the time and place of hearing said return, to determine the ownership of the articles mentioned therein, whether or not they were unlawfully possessed for the purpose of violating the prohibitory laws of the state, and to determine why the same should not be confiscated and destroyed according to law. By stipulation this hearing was continued until June 30, at which time Floyd Rice appeared before the court with his counsel and made the following motion: "Comes now the defendant and respectfully moves the above-

entitled court for an order quashing the search-warrant herein involved and to suppress from use as evidence against this defendant any and all things seized by virtue of said search-warrant for the following reasons'': Various grounds of alleged irregularity were set forth in the motion, which concludes as follows: ''Wherefore the defendant Floyd Rice prays that said search-warrant proceedings be quashed, and particularly the defendant Floyd Rice prays that the property obtained by means of said search-warrant be suppressed from use as evidence against him in the companion case now pending trial in the above-entitled court, wherein the defendant Floyd Rice is accused of unlawful sale and possession of intoxicating liquors.''

As a result of this hearing the motion of Floyd Rice was denied, and the court entered a judgment to the effect that all of the articles seized by the sheriff under said search-warrant were declared forfeited, and the sheriff ordered to destroy them after the trial of Floyd Rice upon the charge against him of unlawfully selling and unlawfully possessing intoxicating liquors.

At the opening of the trial on September 10, 1924, the defendant again presented a motion to suppress the evidence obtained under the search-warrant proceedings, which motion was denied.

The testimony introduced by the state at the trial was very [1] brief, and consisted entirely of the evidence secured under the search-warrant. It is not necessary to even summarize this testimony. If it was properly admitted, it was sufficient to sustain the judgment. Counsel for the state urge that defendant is precluded from questioning the propriety of admitting this testimony, for the reason that he did not take timely proceedings for its suppression prior to the date of the trial. As to the defendant's motion made at the opening of the trial, this contention is well made.

The proceedings on the order for hearing on June 30 were [2] irregular, as, strictly speaking, the defendant had no right to appear and be heard at that time, because he had not filed a verified claim to any of the property, as required by section 11105. (*State* v. *English,* 71 Mont. 343, 229 Pac. 727.) But the court allowed him to appear and to present his motion for the suppression of the evidence; a hearing was had thereon and an order made denying it. Under these circumstances we are disposed to hold that the defendant's objections to this testimony should be considered, notwithstanding this nonconformity to the regular procedure.

In *State ex rel. Samlin* v. *District Court,* 59 Mont. 600, 198 Pac. 362, this court held that, if, on an application to suppress evidence obtained by means of an unlawful and unreasonable search and seizure, the court erroneously refuses to grant the order for suppression and thereafter over objection admits the evidence, it is error for which a judgment of conviction should be reversed.

As we understand counsel's objections to the search-warrant proceedings made in their brief filed in this case, they are two in number: (1) That the warrant was issued without probable cause; (2) that the warrant was void because it was issued in a proceeding instituted against "John Doe."

Referring to the first of these objections, an examination of [3] the affidavit filed by the county attorney, together with his deposition and the deposition of the witness Heath, which comprise the papers upon which the justice issued the warrant, discloses that they contain positive statements of fact fully justifying that officer to determine for himself that there was probable cause to believe that intoxicating liquors were possessed in the building described, for unlawful sale and disposition. This was enough to authorize the issuance of the warrant under the provisions of section 11104.

In the next place defendant contends that, because the pro- [4] ceedings appear to have been instituted against "John

Doe'' and that the warrant recites that Heath purchased liquor in the building authorized to be searched, from John Doe, and that defendant Rice did not answer the description of the man named in Heath's affidavit as John Doe, therefore the warrant was invalid under the provisions of section 12396, which provides: "A search-warrant cannot be issued but upon probable cause, supported by affidavit naming or describing the person, and particularly describing the property and the place to be searched.'' It is to be noted, however, that the warrant in question was not issued under the above-mentioned section, but was issued by virtue of section 11104, which only requires a search of the premises described in the complaint (affidavit) and warrant, but does require the officer in his return to state the name of the person or persons in whose possession the seized articles may be found. This statute does not require the warrant to be directed against any person or that it shall contain the name of any person.

Section 7316, Rem. Comp. Stats. of Washington, is substantially the same as our section 11104. In the case of *State* v. *Ditmar*, 132 Wash. 501, 232 Pac. 321, the validity of a search-warrant issued under that section was assailed because it was not directed against any person and did not contain the name of the person whose premises were authorized to be searched. In holding that the search-warrant was sufficient, the court in its opinion said: "It will be noticed that there is here no requirement that the warrant contain the name of any person, or that it be directed against any person, or that it charge any person with crime. It is sufficient to designate and describe the premises to be searched, without reference to the person in possession, or reference to the ownership of the same.''

The insertion in the search-warrant of the recital that Heath had purchased liquors from John Doe in the premises authorized to be searched was not required by the statute under which it was issued. It was wholly immaterial and unnecessary. The warrant was sufficient without it. For this reason

it will be treated as mere surplusage, and not allowed to vitiate the warrant.

In the case of *Boeger* v. *Langenberg,* 97 Mo. 390, 10 Am. St. Rep. 322, 11 S. W. 223, objection was made to the validity of a search-warrant because it contained an unauthorized order for the arrest of the person whose premises were directed to be searched. In reference to this objection the court said: "Under the present law of Missouri, a search-warrant properly should not contain a clause of arrest. The function of such a warrant is to cause a search to be made by an officer at a particular place for personal property stolen or embezzled, and to secure the production of the property, if found, before the magistrate. If the facts stated in the sworn application for it also constitute a charge of crime, the magistrate may issue a separate warrant of arrest, though in that event the insertion of such order in the search-warrant would be a mere irregularity not vitally affecting the legality of the process." (See, also, *State* v. *Moore,* 125 Iowa, 749, 101 N. W. 732.)

Defendant's objections to the search-warrant proceeding are not well taken, and the evidence obtained under it was properly admitted at the trial on the criminal charge.

Defendant also predicates error upon the action of the court in giving its Instruction No. 4. This instruction is a copy of so much of section 11079, Revised Codes of 1921, as was applicable to the facts of the case, and was properly given.

By his requested Instructions Nos. 1, 2, 3 and 4, which were [5] refused by the court, defendant asked to have the jury instructed that the burden was upon the state to prove beyond a reasonable doubt that the liquors were possessed by the defendant, with the intent to dispose of the same unlawfully. Under section 11079, *supra,* the mere possession of liquor is *prima facie* evidence that it was kept for the purpose of being unlawfully disposed of, and this section further provides: "The burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully ac-

quired, possessed and used." There was no error in the refusal to give these instructions. (*State* v. *Lewis,* 67 Mont. 447, 216 Pac. 337; *State* v. *Breeding, ante,* p. 30, 234 Pac. 1097.)

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOL-LOWAY, GALEN and MATTHEWS concur.