STATE, RESPONDENT, *v.* MARVIN, APPELLANT.

(No. 5,885.)

(Submitted March 4, 1926. Decided March 23, 1926.)

[244 Pac. 882.]

*Intoxicating Liquors—Searches and Seizures—Refusal to Suppress Evidence—Appeal—Insufficient Record on Appeal—Evidence Illegally Obtained—Ascertainment of Illegality—Procedure.*

Intoxicating Liquors—Refusal to Suppress Evidence—Record on Appeal—Insufficiency to Warrant Review of Correctness of Order.
1. On appeal from the judgment of conviction in a liquor prosecution the supreme court is not in a position to review an order, made prior to trial, refusing to suppress evidence alleged to have been illegally obtained in a search of defendant's premises, where the record, though embracing all other matters relating to the motion to suppress, did not contain the testimony of the state's witnesses adduced at the hearing thereof.

[76 Mont. 66.]

Same—Evidence Obtained Illegally—Court not Required to Pause Dur-
ing Trial to Ascertain Method of Acquisition.

2. In a criminal prosecution (liquor case) the district court is
not required to pause in the midst of the trial to determine whether
testimony, otherwise competent and material, offered by the state,
was obtained illegally by search and seizure, the proper method
for ascertaining whether the evidence was so obtained being by
direct proceeding prior to trial, and if then the court should
erroneously refuse to suppress it and it is admitted over objec-
tion at the trial, the judgment of conviction will be reversed.

---

[1]  Criminal Law, 17 C. J., sec. 3459, p. 168, n. 84 New; sec. 3569,
p. 222, n. 24.
[2]  Criminal Law, 16 C. J., sec. 1110, p. 571, n. 94, 95 New; sec.
2160, p. 858, n. 68.

*Appeal from District Court, Madison County; Lyman H.
Bennett, Judge.*

STEVE MARVIN was convicted of unlawfully possessing in-
toxicating liquor and appeals from the judgment. Affirmed.

*Mr. M. M. Duncan,* for Appellant, submitted a brief and
argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* As-
sistant Attorney General, submitted a brief; the latter argued
the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The defendant was convicted of the offense of unlawfully
possessing intoxicating liquor, and, from a judgment imposing
a fine and imprisonment he has appealed.

All the evidence introduced by the state at the trial had
been obtained in a search of the defendant's home and an
adjacent building which was under his control, by the officers
of Madison county, and the seizure therein of certain intoxi-
cating liquors with their containers, and other articles used
in connection therewith.

Prior to the date of trial, the defendant regularly moved
[1]  the court to suppress the use as evidence of the articles

---

2. See 8 R. C. L. 196.

which had been obtained by the officers in said search, as well as the information acquired in connection therewith, on the grounds that the search and seizure were unlawful and violative of the rights guaranteed to the defendant by the Fourth and Fifth Amendments to the Constitution of the United States and section 7 of Article III of the Constitution of this state. This motion was supported by affidavits of the defendant. The minute entry in the records of the court, showing the disposition of this motion, is as follows: "The court having heard the evidence, consisting of the affidavits of the defendant, and the oral testimony of Frank S. Metzel, C. O. Dale, and George R. Allen on behalf of the state of Montana, and the arguments of counsel relative to the defendant's motion to suppress evidence, the motion is by the court denied."

When the state called its first witness and sought to introduce in evidence the articles secured by the search of the defendant's home and the information obtained thereby, the defendant objected thereto upon the same grounds which had been urged in support of his motion to suppress its use, and in connection therewith made an offer of proof, designated as "Defendant's Offer of Proof B," embracing the notice of motion and motion to suppress, the affidavits used at the hearing, and the order of the court denying the same, being all of the matters used in connection with the hearing on that motion, except the testimony of the three witnesses produced on the part of the State. The objection to the testimony was overruled, and the offer denied. By this method it was the expressed intention of counsel and the court to undertake to incorporate into the record of this case the proceedings had on the motion to suppress, in order that they might be reviewed in this court in the event the case should be brought here.

In support of the objection, defendant also sought to elicit from the witness then testifying the facts tending to establish the illegality of the search and seizure, independent of the proceedings on the motion to suppress, but, on objection by

counsel for the State, was precluded from doing so. He then
made a written offer of proof, setting forth the facts which he
had sought to bring out, to which an objection was sustained,
and in this record the same is designated as ''Defendant's
Offer of Proof A.''

In the course of the testimony introduced in his own behalf,
the defendant also sought to prove the circumstances of the
search and seizure in order to establish their illegality, but
was not permitted to do so, and in connection therewith made
his offers of proof designated C to G, inclusive.

It is conceded that if the evidence obtained by the search
of defendant's home was properly admitted, the judgment of
conviction should not be set aside. Although there are twenty-
eight assignments of error in defendant's brief, they can all
be disposed of by determining whether from the record pre-
sented it can be said that the court erred in admitting this
evidence.

1. In this connection the scope of our inquiry is very
limited. The attempt to place the record in such condition
that this court could review the proceedings had on the mo-
tion to suppress the testimony was abortive. We are not in
position to determine whether the lower court was or was
not in error in denying that motion, for the very obvious rea-
son that the testimony of the state's witnesses Metzel, Dale and
Allen, given at the hearing on that motion, was not embraced
in the defendant's offer of proof, nor is it contained in any
bill of exceptions brought up with the record, and so is not
before us.

In considering the order made by the district court, we in-
dulge the presumption that it was correct, and the burden
is upon appellant to show the contrary. (*State* v. *Schoenborn,*
55 Mont. 517, 178 Pac. 294.) Having failed to get into the
record all the evidence on which the court's order was made,
defendant has not sustained the burden of showing error.

2. The only object sought to be attained by introducing the
[2]    testimony embraced in defendant's offers of proof A, C,

D, E, F and G was to establish that the prosecution had unlawfully come into the possession of the articles offered in evidence. In other words, the defendant, by this line of testimony, sought to have the court pause in the midst of the trial to ascertain how these articles came into the possession of the State.

Since the decision in *State ex rel. Samlin* v. *District Court,* 59 Mont. 600, 198 Pac. 362, it has been the rule in this state that "articles wrongfully taken from one accused of crime may be used as evidence against him upon the trial, though objection is made that the prosecution obtained possession of them unlawfully. If they are in other respects competent and material, the trial court will not pause to inquire by what means they came into the possession of the prosecution"; that the proper method of ascertaining whether the evidence was lawfully obtained is by a direct proceeding before the trial for that purpose, in which proceeding the matter could be fully heard; that, if the court should erroneously refuse to suppress the evidence and thereafter admit it against the defendant over his objection, it is an error for which a judgment of conviction will be reversed. This rule has been adhered to in subsequent cases of the same character which have been brought before this court. (*State ex rel. King* v. *District Court,* 70 Mont. 191, 224 Pac. 862; *State ex rel. Thibodeau* v. *District Court,* 70 Mont. 202, 224 Pac. 866; *State* v. *English,* 71 Mont. 343, 229 Pac. 727; *State* v. *Rice,* 73 Mont. 272, 235 Pac. 716; *State* v. *Gardner,* 74 Mont. 377, 240 Pac. 984.) Under this rule the court was correct in sustaining the objections to the testimony embraced in the defendant's offers of proof last above mentioned.

The defendant having failed to establish any error in the proceedings of the lower court, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.