JUSTICE NELSON
dissents.
¶35 For the most part, I concur in Justice Trieweiler’s dissenting opinion. However, I do not agree that the majority opinion casts doubt either on this Court’s prior search and seizure jurisprudence or on our collective commitment to the broader protections afforded Montanans from unreasonable searches and seizures under Article II, Sections 10 and 11 of this State’s Constitution. I simply believe that the majority has come to the wrong conclusion as a matter of law on the issue before us.
¶36 Specifically, if one reviews the affidavit purportedly establishing the basis for the issuance of the search warrant, the pertinent provisions of which are set out by Justice Trieweiler, what is apparent is that Detective Richardson’s application is long on suspicion and short-indeed, too short-on probable cause. There are no facts which establish what caused or supposedly caused the fire; there are no facts which establish that any typical causes of home fires were eliminated-electrical problems, mechanical problems, spontaneous combustion, smoking materials, or appliance misuse or failure; there are no facts which indicate a fire was purposely caused for financial gain; there are no facts which lead to a conclusion of a fire set to harm another or to conceal some other crime; and there are no facts which point to the use of accelerants or suspect bum patterns. In short, there are no facts which point to a fire set in violation of § 45-6-103, MCA.
¶37 That Detective Richardson suspected arson is not sufficient under the law. He was not constitutionally entitled to go an a fishing expedition through someone’s home to satisfy his suspicions one way or the other. Indeed, long ago we specifically condemned that practice. State ex rel. Thibodeau v. District Court (1924), 70 Mont. 202, 209, 224 *181 P. 866, 869 (“the search and seizure statutes are not intended to permit fishing expeditions into the homes of citizens on the possibility that evidence of crime may be disclosed”). Yet, the warrant issued here allowed Detective Richardson to do precisely that-satisfy his suspicions with a fishing expedition into the Markses’ home for evidence of a crime.
¶38 We stated in State v. Siegal (1997), 281 Mont. 250, 934 P.2d 176, overruled on other grounds by State v. Kuneff, 1998 MT 287, 291 Mont. 474, 970 P.2d 556, that:
[a] mere affirmance of belief or suspicion by a police officer, absent any underlying facts or circumstances, does not establish probable cause for the issuance of a search warrant.
Siegal, 281 Mont. at 283, 934 P.2d at 195 (citing State v. Isom (1982), 196 Mont. 330, 343, 641 P.2d 417, 424). This is precisely the rule violated here, and for that reason, I would hold that the sworn application did not set forth sufficient underlying facts or circumstances to establish probable cause for the issuance of the search warrant at issue here.
¶39 I would suppress the evidence seized as a result of the execution of the search warrant along with the “fruit of the poisonous tree”-i.e., the evidence seized as a result of the subsequent execution of investigative subpoenas which were issued on the basis of the tainted evidence obtained under the search warrant. Wong Sun v. United States (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; State v. Dolan (1997), 283 Mont. 245, 940 P.2d 436.
¶40 I dissent from our failure to do so.