STATE, RESPONDENT, *v.* GOTTA, APPELLANT.

(No. 5,529.)

(Submitted September 11, 1924. Decided October 1, 1924.)

[229 Pac. 405.]

*Intoxicating Liquors—Illegal Searches and Seizures—Suppression of Evidence—When Motion not Timely.*

   1. *Held,* that one charged with a violation of the liquor laws who wishes evidence obtained through an illegal search and seizure suppressed must protect himself by timely action, and that objection to such evidence on the ground that it had been secured through a violation of his constitutional rights, made for the first time at the trial, though defendant for practically a year knew that without such evidence the state could not make out even a *prima facie* case against him, was not timely.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

JOHN GOTTA was convicted of transporting intoxicating liquors and appeals. Judgment affirmed.

   1. Constitutional guaranties against unreasonable searches and seizures as applied to search for or seizure of intoxicating liquors, see notes in 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709.

   Admissibility of evidence secured by search or seizure, see notes in 15 Ann. Cas. 1205; Ann Cas. 1915C, 1182.

*Mr. H. H. Parsons,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. C. N. Davidson,* Assistant Attorney General, argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

John Gotta was convicted of the crime of transporting intoxicating liquor and he appeals.

The errors relied on for reversal all hinge upon the action of the court in admitting over his objection evidence against defendant which, his counsel contends, was obtained by an officer in violation of the defendant's constitutional rights. While not necessary to decide the point we shall assume the officer did make search and seizure and arrest defendant without probable cause, and consequently defendant's rights, under section 7 of Article III of the Constitution, were invaded. The officer proceeded without a warrant, his theory being that a crime was being committed in his presence. Upon that occasion the officer obtained moonshine whisky from an automobile being run by defendant. This was on April 9, 1923. May 7 following, the county attorney filed an information charging the defendant with transporting intoxicating liquor on April 9, 1923. The cause came on for trial April 11, 1924.

Upon the record the attorney general insists the present [1] contention of the defendant avails him nothing for his objection to the testimony was not timely, and this position must be sustained. Ever after May 7, the day the information was filed, the defendant knew the state accused him of transporting intoxicating liquor based upon the search and seizure which the officer made on April 9, 1923. He knew that without the evidence obtained on that occasion the state could not make even a *prima facie* case against him; yet from May

7 to the date of the trial, April 11 of the year following, he did not take any action to suppress the evidence. One wishing to preclude the use of evidence obtained through a violation of his constitutional rights must protect himself by timely action. If he has had opportunity to suppress the evidence before trial and has failed to take advantage of his remedy, objection to the evidence upon the trial will not avail him. (*State ex rel. Samlin* v. *District Court,* 59 Mont. 600, 198 Pac. 362; 10 R. C. L. 933.) That he was not without remedy sufficient for his protection had he invoked it in good time, is illustrated by the *Samlin Case, supra; Weeks* v. *United States,* 232 U. S. 383, Ann. Cas. 1915C, 1177, L. R. A. 1915B, 834, 58 L. Ed. 652, 34 Sup. Ct. Rep. 34 [see, also, Rose's U. S. Notes]; *State ex rel. King* v. *District Court,* 70 Mont. 191, 224 Pac. 862; *State ex rel. Thibodeau* v. *District Court,* 70 Mont. 202, 224 Pac. 866; *State ex rel. Sadler* v. *District Court,* 70 Mont. 378, 225 Pac. 1000; *State ex rel. Stange* v. *District Court, ante,* p. 125, 227 Pac. 576.

He urges, however, that his objection was timely under the doctrine of *Gouled* v. *United States,* 255 U. S. 298, 65 L. Ed. 674, 41 Sup. Ct. Rep. 261, but with this contention we cannot agree. In that case the first knowledge the defendant had that a paper seized in violation of his constitutional rights was in the possession of the government was when it was offered in evidence upon the trial. Upon this state of facts the court held: "Objection was not too late, for, coming as it did, promptly upon the first notice the defendant had that the government was in possession of the paper, the rule of practice relied upon, that such an objection will not be entertained unless made before trial, was obviously inapplicable."

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.

MR. JUSTICE RANKIN, being disqualified, did not hear the argument and takes no part in the foregoing decision.