PEOPLE *v.* HAYEK.

1. CRIMINAL LAW—WHERE EXAMINATION WAIVED IT WAS NOT MAGISTRATE'S DUTY TO INCLUDE IN RETURN SEARCH WARRANT AND AFFIDAVIT.

Where defendant, arrested for violation of the prohibition law, waived examination and was bound over for trial, it was not the duty of the magistrate to include in his return the search warrant and affidavit, but it was upon defendant's counsel, if they so desired, to move for return thereof.

2. SAME—MOTION TO SUPPRESS—POSTPONEMENT OF TRIAL.

Where there was ample time for defendant's counsel to have been heard upon motion to suppress evidence had they moved in time, but, instead, they waited until the day of the trial, when the motion was noticed for hearing

several days later, the trial court did not err in refusing to postpone the trial to follow hearing of the motion and in requiring hearing thereon later the same day.

3. JURORS—VOIR DIRE EXAMINATION OF JURORS BY COURT UNDER CIRCUIT COURT RULE.

Where the circuit judge conducted the *voir dire* examination of jurors as provided by Circuit Court Rule No. 42, § 1, as amended (233 Mich xxxiv), adopted under Const., art. 7, § 5, and interrogated them fully as requested by counsel, with one exception, when a somewhat different question was asked from that suggested, but the difference was not called to his attention, and no point then made in regard to it, there was no prejudice to defendant in that his counsel's questioning was through the court rather than directly, and the point of difference, not having been saved, may not be reviewed.

4. CRIMINAL LAW—IMMATERIAL MATTER.

Where the prosecuting attorney, on cross-examination of defendant, wandered without objection into a matter wholly immaterial, refusal of the trial' court to permit defendant to adduce further testimony in the matter was not error.

Error to Isabella; Hart (Ray), J.    Submitted June 14, 1928.    (Docket No. 143, Calendar No. 33,793.) Decided July 24, 1928.

Vincent Hayek was convicted of violating the liquor law, and sentenced to imprisonment for not less than one nor more than two years in the State prison at Jackson.    Affirmed.

*F. H. Dusenbury* and *Virgil W. McClintic,* for appellant.

*Wilber M. Brucker,* Attorney General, and *James E. Ryan,* Prosecuting Attorney, for the people.

CLARK, J.    Defendant on error contends that the judgment upon conviction of possessing intoxicating

liquor should be reversed for many reasons, some of which merit discussion.

1. Defendant was arrested on March 8, 1928, waived examination, and was bound over for trial. On March 12th, at the opening of the March term of the circuit court, he was arraigned and at request of his counsel the cause was continued for trial until April 3d, following. The committing magistrate with his return did not include the affidavit for search warrant, warrant issued thereon, and return thereof. To bring up such papers defendant, on or about March 30th, filed and served motion for further return, noticed for April 3d. Upon the convening of court on April 3d, the motion was heard, the further return ordered and immediately made. Thereupon, and on April 3d, defendant filed and served motion to suppress the evidence, which was noticed for hearing several days later. Defendant then sought to have the trial postponed to follow hearing of the motion to suppress as noticed, and was refused. The court announced that the motion to suppress would be heard on that day, April 3d, gave defendant privilege of adducing testimony to support the motion, and adjourned the hearing until 1:30 o'clock in the afternoon of that day, at which time defendant's counsel stated that they were not prepared for such hearing and objected. The hearing was then had and the motion denied.

Examination having been waived, it was not the duty of the magistrate to include in his return the search warrant and affidavit. It was upon counsel for defendant, if they so desired, to move for return thereof. *People* v. *Vailje,* 223 Mich. 656. They knew of these papers, having moved for the return of them. It was also upon them, if they wished to be heard upon a motion to suppress, to make and notice the same to be heard before trial, if there was sufficient time. There was here ample time. The motion to suppress

was late, and the court did not err in refusing to postpone trial and in requiring early hearing on the motion.

2. Defendant contends that Circuit Court Rule No. 42, § 1, as amended (233 Mich. xxxiv), providing that the judge in his discretion may conduct *voir dire* examination of jurors, is invalid. The circuit judge interrogated jurors fully and as requested by counsel, with one exception. Counsel suggested a question relative to prejudice against intoxicating liquor. The court asked a question somewhat different from that suggested, but the fact of difference was not called to his attention, and no point then made in regard to it. At the end of questioning the following was asked by the court and answered by Mr. Ryan, the prosecutor, and Mr. Dusenbury of counsel for defendant:

"*The Court:* Are there any other questions or any other challenges?

"*Mr. Dusenbury:* Pass the jury.

"*Mr. Ryan:* The people are satisfied with the jury as now constituted.

"*Mr. Dusenbury:* So are we."

We see no prejudice to defendant in that his counsel's questioning was through the court rather than directly to the jury. And to save for review the matter of difference in one question, as stated, the court's attention should have been called to it at the time. Finding no prejudicial error in this regard, we think it unnecessary to consider, in the abstract, the claimed invalidity of the rule, but it may be noted that the rule was adopted advisedly, and in the exercise of constitutional power of the court (Const., art. 7, § 5).

3. The prosecuting attorney on cross-examination of defendant wandered without objection into a matter wholly immaterial. Defendant sought to adduce further testimony in the matter, and, on objection, was refused. This was not error. There was an issue

for the jury and the court properly sought to have the trial confined to it.

Other assignments have been examined.    We find no reversible error.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDON-ALD, and SHARPE, JJ., concurred.    POTTER, J., did not sit.