## McSwain *v.* State of Indiana.

[No. 13,663.   Filed May 10, 1929.   Rehearing denied August 1, 1929.]

*William D. Hardy*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Harry L. Gause*, Deputy Attorney-General, for the State.

NEAL, J.—The appellant was charged by affidavit with maintaining a nuisance under the liquor law. The affidavit was filed in the Vanderburgh Circuit Court on May 9, 1927. The appellant entered a plea of not guilty on May 10, 1927, and the case was heard by the court on May 24, 1927. The court found the appellant guilty of maintaining a nuisance as charged and affixed his punishment at a fine of $200 and imprisonment on the Indiana State Farm for a period of sixty days. Appellant presented his motion for a new trial and reasons therefor, based upon the following causes, viz.: (a) The finding of the court is not sustained by sufficient evidence; (b) the finding is contrary to law; (c) errors of law occurring at the trial, in this, to wit: In permitting the officers to testify what was seized by them

and what they observed on the premises of the appellant while in the act of executing a search warrant. The error assigned is the overruling of the motion for a new trial.

The evidence is to the effect that the premises of appellant consisted of one large room, the front part being separated from the rear by a partition with a door which was locked by a Yale lock. The front part of the room was used by the appellant as a tin shop, the rear as a place to sleep, eat and "drink." The door in the partition was provided with a peep hole. The officers entered the open door at the front, announced that they were officers, proceeded toward the rear of the room, and again announced that they were officers and had a search warrant for the place and demanded admission.

The rear of the room was occupied by several men, including appellant. One of the men in the rear of the room looked through the peep hole in the partition and saw the officers enter the front door; immediately confusion took place; the police could hear the men pouring a liquid into a receptacle; the officers then forced the door and stopped the appellant and others from destroying the intoxicating liquor and proceeded to read the search warrant to appellant. The appellant had poured the whisky into the sink and was in the act of flushing the sink with lysol. The officers found a whisky glass in the room and whisky bottles near the rear door. The odor of intoxicating liquor was prevalent. Prior to the night of the raid, the officers had watched the premises of appellant and had observed men going in and out of the room searched during the late hours of the night. The reputation of the place was bad as being a place resorted to by men for the purpose of drinking intoxicating liquor.

Appellant did not present to the court, in advance of the trial of his case, a motion to suppress the evidence

obtained by the officers by reason of the alleged illegal search. However, the record discloses that appellant had full knowledge of the articles seized at the time of the search and knew what the officers had observed in his room during the raid. Further, appellant was admitted to bail on May 10, 1927, and was represented in court on said day and thereafter by an attorney-at-law.

The appellant, after the trial had begun and while the court was engaged in hearing evidence on the merits, objected to the officers testifying as to what was seized and observed by them at the time of the search for the following reasons: (1) The search warrant under which the officers operated was invalid; (2) the officers entered the premises before making known the fact that they were there as officers for the purpose of making the search.

It was not incumbent upon the court, in the absence of a motion to suppress, under the facts in this case, to pause in the midst of the trial and determine the competency of the evidence offered by the State upon the objection interposed by appellant. *Hantz* v. *State* (1929), 166 N. E. (Ind. App.) 439, and the authorities cited in support thereof. The appellant could only prevail in this court on causes "A" and "B" of his motion for a new trial, heretofore referred to, by the elimination from the evidence of what was seized and observed by the officers at the time of the search. This he cannot do, and it necessarily follows the court did not err in overruling the motion for a new trial.

Judgment affirmed.

PETITION FOR REHEARING.

NEAL, J.—Appellant attacks the holding of this court in *Hantz* v. *State* (1929), 166 N. E. (Ind. App.) 439, and says it establishes a "new doctrine in Indiana," not supported by reason or authority, and, in addition to the two Kentucky cases mentioned in that case, he cites *Gildrie* v. *State* (1927), 94 Fla. 134, 113 So. 704; *State* v. *Montgomery* (1923), 94 W. Va. 153, 117 S. E. 870; *State* v. *Wills* (1922), 91 W. Va. 659, 114 S. E. 261, 24 A. L. R. 1398; *Hughes* v. *State* (1907), 2 Ga. App. 29, 58 S. E. 390; and *Gore* v. *State* (1923), 24 Okla. Crim. 394, 218 Pac. 545, as cases where objections were first made at the trial and the evidence held incompetent.

The doctrine may be new in Indiana, but it was recognized by the Supreme Court of Massachusetts in 1841, as an established rule of evidence in the trial of criminal cases. It has been consistently applied and followed by the Supreme Court of the United States for many years. It has been recognized and followed in almost every state and country where the question has been before an appellate tribunal. The text books, for more than a century, have recognized it as the correct rule. It has been adopted by some of the trial courts of this state as a rule of procedure. It deprives no one of a constitutional right.

In so far as *Gore* v. *State, supra,* is concerned, appellant is mistaken when he says the objection to the legality of the search was first made at the trial. The opinion says the defendant, before trial, filed a motion to suppress, that his motion was denied and, on trial, the officers, over his objection, were allowed to testify as to the facts discovered by the search, which was illegal. In discussing the question as to the admissibility of the evidence under the facts in that case, the court, referring to the decisions of the Supreme Court of the United States, said:

"If it appears that the highest court of the land has definitely fixed a rule applying to the introduction of evidence obtained by illegal seizure, it follows without argument that the rule of evidence in the state courts, where like facts and principles of law are involved, should conform to that settled by the court having supreme prestige and authority." And, after referring to a former decision of the Supreme Court of Oklahoma, the court said: "Resting on sound principles, and to promote a uniformity of judicial decisions, it would seem that the decisions of this court should be in harmony with the constitutional construction of the issues here involved, as announced by these two courts." Prior opinions of the court in conflict with the holding of the court in the Gore case were overruled. The three cases specifically mentioned as being overruled are cases holding evidence discovered by an illegal search admissible. The court held that evidence procured under an illegal search could not be used in evidence "over timely protest of the accused." The protest there was timely made and the court, in harmony with the rule stated by the Supreme Court of the United States, held the evidence not admissible. The same court, in a later opinion, written by the judge who wrote the opinion in the Gore case, said: "The right to the exclusion of evidence claimed to have been procured by an illegal seizure may be waived, and is waived, where the accused fails to object to its introduction at the first opportunity after he is apprised of the fact that such evidence will be used against him. In this instance, from the very nature of things, the defendant knew from the beginning that the state's case would stand or fall upon this class of evidence alone." *Webb* v. *State* (1926), 242 Pac. (Okla. Crim.) 784.

In *Gildrie* v. *State, supra,* the court held that evidence obtained by virtue of an illegal search warrant should,

on proper objection, be excluded. The court, without so deciding and without referring to the rule now under consideration, assumed the objections were timely made. Nothing is said as to when or how the objections should be made nor was anything said about filing a motion to suppress in advance of the trial.

In *Robertson* v. *State* (1927), 94 Fla. 770, 114 So. 534, the defendant, prior to arraignment, moved to suppress all evidence discovered by an alleged unlawful search. This motion, after a trial on the issues thus raised, was denied, and, on the trial on the merits, the evidence was introduced without objection. It was there held that the error, if any, in admitting the evidence was waived. In discussing the motion to suppress, the court said: "The necessity, in some instances, for the interposition of the motion prior to trial is found in the rule frequently applied that ordinarily, and subject to certain exceptions, . . . a court will not halt the trial of the litigation in chief and embark upon the trial of a collateral issue for the purpose of determining the competency or admissibility of proffered evidence as against an objection that it was procured by illegal means." Farther along in the opinion, the court said the safer and better practice was to move to suppress the evidence. It cannot be said that Florida or the courts of Oklahoma are opposed to the rule.

In the instant case, as in the Hantz case, the defendant was present when the search was made and knew that the officers, while making the search, had discovered evidence of his guilt, and had taken possession of and seized certain articles of evidence. No steps were taken to suppress the evidence so discovered until after the trial upon the merits was commenced and the State had introduced a part of its evidence. We adhere to the statement that it is a well-settled rule of law that when property has been unlawfully seized or when evi-

dence has been unlawfully procured, a motion for the return of such property or to suppress evidence must be timely made or the right is lost, and that the almost universal rule is that the court will not, after the actual commencement of the trial of a criminal case, pause or delay the trial to determine how the evidence was procured, and will not then entertain a motion for the return of the property illegally seized, or to suppress the evidence, except where knowledge of the possession of such evidence by the State was first learned by the defendant during the introduction of the evidence.

In addition to the authorities cited in the Hantz case, the rule was declared and followed in *MacDaniel* v. *United States* (1928), 24 Fed. (2d) 303; *Armstrong* v. *United States* (1926), 16 Fed. (2d) 62; Id., 273 U. S. 766, 47 Sup. Ct. 571, 71 L. Ed. 881; *Rosenberg* v. *United States* (1929), 31 Fed. (2d) 838; *United States* v. *Cerecedo* (1914), 6 Porto Rico Fed. Rep. 607; *Argetakis* v. *State* (1923), 24 Ariz. 599, 212 Pac. 372; *Imboden* v. *People* (1907), 40 Colo. 142, 90 Pac. 608; *Lawrence* v. *State* (1906), 103 Md. 17, 63 Atl. 96; *Billings* v. *State* (1923), 109 Nebr. 596, 191 N. W. 721; *State* v. *Simmons* (1922), 183 N. C. 684, 110 S. E. 591; *People* v. *Winn* (1927), 324 Ill. 428, 155 N. E. 337; *State* v. *Wagner* (1925), 311 Mo. 391, 279 S. W. 23; *Gore* v. *State, supra; State* v. *Pielow* (1926), 141 Wash. 302, 251 Pac. 589; *State* v. *Harris* (1926), 119 Ore. 422, 249 Pac. 1046; *State* v. *McDaniels* (1925), 75 Mont. 61, 243 Pac. 810; *Shields* v. *State* (1893), 104 Ala. 35, 16 So. 85, 53 Am. St. 17, 9 Am. Crim. Rep. 149; *State* v. *Lock* (1924), 302 Mo. 400, 259 S. W. 116; *Calhoun* v. *State* (1916), 144 Ga. 679, 87 S. E. 893; *Smith* v. *State* (1916), 17 Ga. App. 693, 88 S. E. 42; *People* v. *Brocamp* (1923), 307 Ill. 448, 138 N. E. 728; *People* v. *Hayek* (1928), 243 Mich. 546, 220 N. W. 790; *Commonwealth* v. *Hunsinger* (1927), 89 Pa. Super. Ct. 238; Id., 290 Pa. 185, 138 Atl. 683; *State* v. *Wansgaard* (1928), 46 Idaho

20, 265 Pac. 671; *Robertson* v. *State, supra; State* v. *Warfield* (1924), 184 Wis. 56, 198 N. W. 854. See, also, concurring opinion in *State* v. *Newharth* (1926), 50 S. D. 272, 209 N. W. 542.

In *People* v. *Marxhausen* (1919), 204 Mich. 559, 171 N. W. 557, 3 A. L. R. 1505, the court mentions three states, Georgia, Iowa and Vermont, as being opposed to the rule. The Supreme Court of Missouri, in *State* v. *Lock, supra*, cites cases from Kentucky, Iowa, Maryland, South Carolina and Georgia in support of the statement that: "In some few cases, it is held that the objection to the admissibility of the evidence, during the trial, is sufficient." All of the states mentioned by the Michigan and Missouri courts, with the exception of Kentucky, have now adopted the rule as stated in the Hantz case. The Supreme Court of California, in *People* v. *Mayen* (1922), 188 Cal. 237, 205 Pac. 435, 24 A. L. R. 1383, said: "The decisions upholding this doctrine and covering most of the states of the Union, without a dissenting voice so far as we have discovered, are too numerous to mention." In view of appellant's contention that this doctrine is new in this state, we have made an extended search and have again given it a careful consideration, and so far as we have been able to discover, the only states now opposed to the rule are, Kentucky, Tennessee, Texas and West Virginia. Texas had adopted and followed the rule until it was changed by statute in 1925. West Virginia followed the rule in *State* v. *Edwards* (1902), 51 W. Va. 220, 41 S. E. 429, 59 L. R. A. 465, but held otherwise in *State* v. *Wills, supra*.

In *Cohn* v. *State* (1908), 120 Tenn. 61, 109 S. W. 1149, 17 L. R. A. (N. S.) 451, 15 Ann. Cas. 1201, the court quoted, with seeming approval, the rule that, in the trial of a criminal case, the court would take no notice of how evidence was obtained, whether lawfully or unlawfully and would not form a collateral issue to determine that

question. In *State* v. *Bass* (1926), 153 Tenn. 162, 172, 281 S. W. 936, the court says the rule in the federal courts and in most of the states is that the court will not pause in the midst of a criminal trial to inquire into the manner by which the evidence was obtained, and if a defendant desires to exclude evidence unlawfully obtained, it must be done by motion or petition before the trial is commenced, or at least as soon as it becomes known to him that evidence illegally obtained is about to be used against him, but held that the practice in that state was otherwise.

In *Tucker* v. *State* (1922), 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, a motion to suppress made before trial was overruled and the evidence introduced over objection. The decisions of the Supreme Court of the United States were reviewed, and, in harmony therewith, the evidence was held inadmissible, the court saying: "We adopt as the better rule that laid down by the Supreme Court of the United States in the cases above referred to. And, in so doing, we follow that court, which is our greatest exponent of constitutional law." It is fair to presume that if there had been no move to suppress the evidence before trial, the court would have followed the decisions of the Supreme Court of the United States, and held that an objection made for the first time when the evidence was offered, came too late.

The Supreme Court of Missouri recently said: "When evidence is offered and objection that it was obtained by illegal means is then made for the first time, the court will determine only whether the evidence is relevant and competent. It will not pause to determine the collateral question as to how the evidence was obtained." *State* v. *Owens* (1924), 302 Mo. 348, 259 S. W. 100, 32 A. L. R. 383.

The Appellate Division of the Supreme Court of New York, in *People* v. *Defore* (1925), 213 App. Div. 643, 211

N. Y. Supp. 134, said the rule was "well-nigh universally recognized among judicial authorities." The Supreme Court of California, in *People* v. *Mayen, supra,* said, "no rule is better established or more universally recognized by the courts." And as was said by the Supreme Court of Ohio in *Rosanski* v. *State* (1922), 106 Ohio St. 442, 456, 140 N. E. 370, 374: "In those states where a contrary rule has been declared it appears that they have attempted to follow an erroneous interpretation of certain decisions of the Supreme Court of the United States."

In *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, it was held that "evidence secured by unreasonable search and seizure may not be admitted against the accused over objection." As applied to the facts in that case, the statement undoubtedly is correct. The appellant, in that case, had, before arraignment, filed a verified motion to suppress the evidence ascertained by virtue of an illegal search, and later, over his objection, such evidence was admitted on the trial. *Flum* v. *State* (1923), 193 Ind. 585, 141 N. E. 353, and *State* v. *Lock* (1924), 302 Mo. 400, 259 S. W. 116, were cited by the court in support of the above statement. In the Flum case, the appellant, before arraignment and plea, offered, and asked leave to file a motion to suppress the evidence. This was denied and, over his objection, the court allowed the officers to testify as to what they found when making the search. Under the facts in that case, the court held the evidence incompetent and that "a conviction based thereon ought to be reversed." In *State* v. *Lock, supra,* cited in the Wallace case, a motion to suppress had been filed and overruled before trial, and the evidence introduced over objection. It is directly in point in the Wallace case, as well as in the instant case. On page 422, the Missouri court calls attention to the fact that "the accused before trial, made timely effort to quash

the search warrant and suppress the evidence obtained under it." And, on page 426, after discussing the rule, said: "In some few cases, it is held that the objection to the admissibility of the evidence during the trial is sufficient," citing cases from Kentucky, Iowa, Maryland, South Carolina and Georgia. The South Carolina case there cited is not in point, but in *State* v. *Atkinson* (1893), 40 S. C. 363, 18 S. E. 1021, 42 Am. St. 877, the Supreme Court of that state recognized the rule to be that a court will not, during the trial of a criminal case, pause to try a collateral issue involving the admissibility of evidence illegally procured. As heretofore stated, Iowa, Maryland and Georgia now follow the federal rule; Kentucky being the only state mentioned that is not in harmony with that rule.

In *Patterson* v. *United States* (1929), 31 Fed. (2d) 737, where no motion to suppress the evidence was made before trial, the court said: "No prior motion having been made for the suppression of the evidence, under the settled rule the motion was made too late to avail the appellant; he having had knowledge of the seizure at the time when it was made."

There is no merit in appellant's contention that he should not have been required to anticipate that the State would attempt to introduce evidence as to what was discovered at the time of the search. He was present when the search was made and knew the officers had thereby ascertained facts sufficient to convict him of a violation of the Prohibition Law. He knew the officers had seized certain items of evidence. He was placed under arrest at the time of the search, and had every reason to believe that the officers making the search would be called as witnesses to testify as to what they saw at that time. An affidavit charging him with maintaining a nuisance, a place where intoxicating liquors were unlawfully kept,

sworn to by one of the officers making the search, was filed in the circuit court two days later. The only witnesses whose names were indorsed on the affidavit were the officers who made the search. He had every reason to know that the State was relying on and would probably introduce the evidence disclosed by the search. *State* v. *Wansgaard, supra; State* v. *McDaniels* (1925), 75 Mont. 61, 243 Pac. 810; *State* v. *Gotta* (1924), 71 Mont. 288, 229 Pac. 405.

The rule in question is a wholesome one, and does not deprive a defendant of any constitutional right. It promotes orderly procedure, and courts should not be oversentimental in dealing with a defendant who has been convicted of violating a law enacted for the protection of society. There is greater need to protect the people from the criminal, than there is to protect the criminal from the people.

We again call attention to the last expression of the Supreme Court of the United States upon the question, found in *Cogen* v. *United States* (1929), 278 U. S. 221, 49 Sup. Ct. 118, 73 L. Ed. 156.

Rehearing denied.