HUNT *v.* STATE OF INDIANA.

[No. 27,274. Filed December 7, 1939.]

*Cloe, Campbell, Cloe & Cloe,* and *Rochford & Rochford,* for appellant.

*Omer S. Jackson,* Attorney General, and *Hubert E. Dirks,* Deputy Attorney General, for the State.

SHAKE, C. J.—Appellant was found guilty by the court without a jury of operating a motor vehicle while under the influence of intoxicating liquor and sentenced

to the Indiana State Farm for 60 days and to pay a fine of $10. He has appealed, assigning that the trial court erred in denying his motion for a new trial, in which he asserted that the finding was not sustained by sufficient evidence and that it was contrary to law.

There was evidence that appellant was a whisky salesman and that on the 21st of December, 1938, he called on customers in the city of Elwood; that on the evening of said day he undertook to drive his automobile to his home in Indianapolis; that his route was by way of the village of Carmel, in Hamilton County; that while passing through that village his automobile collided with a concrete block, or pillar, two or three feet in height, at the center of a street intersection. Two state police officers were called to investigate the accident; they found that after striking said concrete pillar, appellant's automobile had gone approximately 40 feet further and damaged a parked car; that it then went up over a bank, some three feet high, and struck a tree, 197 feet from the concrete pillar; and that appellant's car was practically demolished by reason of its collision with said tree. Approximately an hour and a half after the occurrence of the accident, the police officers found the appellant in the office of a local physician, where he was receiving treatment for his injuries. They had not witnessed the accident or seen appellant operating his automobile, nor did they have a warrant for his arrest. One of the officers told appellant that they would have to place him under arrest, but that on account of his injuries he would not be taken into custody at the time. The officers related conversations with the appellant in the doctor's office, in which appellant stated that he drank two drinks of intoxicating liquor earlier in the evening; that he had been with his customers and that he had had too much; and that

appellant asked the officers to be as easy on him as they could.

Appellant offered evidence to establish that at the time of the accident he was suffering from monoxide gas poisoning due to a leaky heater in his automobile. The fact that the heater was defective was corroborated by other witnesses and physicians testified that in their opinion appellant had been poisoned by monoxide fumes, though they stated that they also smelled intoxicating liquor on his breath. Appellant said that he was so dazed at the time he talked with the police officers that he did not remember what he said to them.

Appellant has advanced the theory that there was no evidence to sustain the finding of the court without basing one inference upon another, which, he says, can not lawfully be done. In the case of *Hinshaw* v. *State* (1897), 147 Ind. 334, 363, 47 N. E. 157, it was said:

> "A fact in the nature of an inference may itself be taken as the basis of a new inference, whether intermediate or final, provided the first inference has the required basis of a proved fact."

The matter of basing one inference upon another was fully considered by this court in the case of *Orey* v. *Mutual Life Ins. Co. of New York* (1939), 215 Ind. 305, 19 N. E. (2d) 547, 549. This court there quoted with approval a note in 95 A. L. R. 162, 182, where it was observed:

> " 'It seems clear, after examination of all of the cases which have discussed the question, that there is no such general rule in the sense in which the language itself implies, and that if, in a sense, such a rule may be said to exist, the phraseology used to express it is inaccurate and misleading, and the meaning is quite different than appears upon its face. The courts have apparently often used this phraseology merely as a convenient way

of disposing of evidence which it regarded as too remote or uncertain to prove the ultimate facts at issue. The language has become a sort of judicial slogan, used carelessly, inaccurately, and to the confusion of the profession. The statement of the rule in many of the cases, that an inference cannot be based on an inference, shows that what is meant primarily is that an inference cannot be based upon evidence which is uncertain or speculative, or which raises merely a conjecture or possibility.' "

These authorities are sufficient to clearly indicate that the so-called inference upon inference rule is not as broad as appellant suggests and that it can have no application whatever to the case at bar.

Appellant also contends that the police officers who testified as to his condition and admissions were incompetent witnesses and that their evidence was inadmissible because their arrest of him was unlawful, since they had no warrant and no offense was committed in their presence. § 47-828 Burns' 1939 Pocket Supp. It may be observed in that connection that subsequent to this alleged arrest, a charge was filed against appellant, a warrant was issued and served, and that he appeared at the bar of the court in person and by counsel and entered a plea of not guilty. Under these circumstances we do not have here any question as to the jurisdiction of the trial court over the subject-matter of the action or over the person of the appellant. There was no motion to suppress the testimony of the police officers, nor was any objection made to it at the time it was offered or admitted. We assume that appellant relies upon the rule that evidence is inadmissible when it has been unlawfully obtained in violation of a defendant's constitutional rights, such as, for example, protection against an accused being required to give evidence against himself or the guar-

anty against unlawful search and seizure. This, however, is an exception to the general rule, which is, that evidence which is otherwise competent is not rendered inadmissible by reason of the means by which it was obtained; but, even where the circumstances bring the case within the exception, the defendant can not sit by and suffer the evidence to be offered against him without objection and afterwards be heard to say that it was obtained in violation of his constitutional rights. *Thompson* v. *State* (1929), 89 Ind. App. 555, 167 N. E. 345; *McSwain* v. *State* (1929), 89 Ind. App. 592, 166 N. E. 444, 167 N. E. 568. The rule which governs the present case is found in *Shorter* v. *State* (1929), 89 Ind. App. 288, 291, 292, 166 N. E. 287:

> "On the trial, appellant objected to the testimony of the city marshal and the patrolman as to matters observed by them after the arrest was made, and while appellant was in their custody, it being the contention that the arrest having been made by an officer not in uniform, in violation of the statute, the facts learned as a result of the arrest were incompetent evidence against appellant. It is a well-recognized general rule that evidence which is otherwise competent is not rendered inadmissible by reason of the means by which it was obtained. *Adams* v. *New York* (1903), 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575; *Segurola* v. *United States* (1927), 275 U. S. 106, 48 Sup. Ct. 77, 72 L. Ed. 186. To this general rule, there is recognized, in some jurisdictions, including Indiana, an exception in the case of evidence procured by an illegal search warrant. *State* v. *Wallace* (1927), 199 Ind. 317, 157 N. E. 657, and cases there cited. But even in those jurisdictions in which the courts recognize the exception, the inhibition is against using the evidence on account of the method of procuring it, rather than against the evidence itself, and the exception is made to apply only in those instances where, to receive the evidence would constitute a violation of the constitutional guaranties against unreasonable search and seizure and

compelling a party to be a witness against himself. In the case at bar, there is no claim that there was an unlawful search. No evidence was introduced which would have been the result of a search, valid or invalid, nor was appellant forced to produce any evidence against himself. The arrest was in violation of a statute, and not in violation of a right guaranteed by the Constitution. The evidence falls within the general rule stated in the Adams case, *supra*, and not within the exceptions to that rule, and was properly admitted."

The police officers were not incompetent witnesses, nor can we say that the trial court erred in admitting their testimony.

It is urged by the appellant that the judgment is unsupported by the evidence because there is no competent proof in the record of the *corpus delicti*. He relies upon *Gaines* v. *State* (1921), 191 Ind. 262, 132 N. E. 580, where this court said (p. 268):

"A naked confession is one which is not corroborated by independent proof of the *corpus delicti*. Upon such a confession made in open court, as, for example, by a plea of guilty, a conviction of any crime, and sentence may be had. But in the case of all extra-judicial confessions it is the rule that the *corpus delicti* must be proved by additional evidence before a conviction upon the naked confession alone will be upheld."

It is important to bear in mind that the court further observed in that case (p. 269):

"If the 'confession' of the appellant is eliminated from the evidence there is no evidence at all tending to show that any burglary was committed."

And again:

"We have examined the evidence thoroughly for any other evidence tending to show that burglary had been committed at the time and place as alleged

in the affidavit and no such evidence appears in the record."

The *corpus delicti*, as used in the criminal law, means the fact that a crime has been committed, and, like any other fact necessary to sustain a conviction, it must be established beyond a reasonable doubt. Proof of the *corpus delicti* may be made by circumstantial as well as by direct evidence, but the mere extra-judicial admission or confession of the accused, uncorroborated by other evidence, will not establish the *corpus delicti*. It does not follow, however, that the corroboratory proof alone must be sufficient to establish the *corpus delicti* beyond a reasonable doubt, or that the admissions or confession of the accused, when corroborated by other evidence, may not be considered in determining if the *corpus delicti* has been established. The cases from which the above statement of the rule has been extracted are: *Stocking* v. *State* (1855), 7 Ind. 326; *McCulloch* v. *State* (1874), 48 Ind. 109, 1 Am. Cr. Rep. 318; *Griffiths* v. *State* (1904), 163 Ind. 555, 72 N. E. 563; *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565; *Gaines* v. *State, supra.*

In a case like the one at bar the *corpus delicti* would be established, we think, by proof beyond a reasonable doubt that a motor vehicle was operated on a public highway of this state, and that the operator thereof was at the time under the influence of intoxicating liquor. Such a showing, when coupled with proper proof of the identity of the accused, would make out a prima facie case of guilt. As in any other appeal involving a finding of fact, this court will not disturb the judgment if there is some competent evidence to sustain it. With these observations in mind, the query is, whether, in the present case, there is corroborating evidence which, when considered along with

such admissions, may be said to sustain the ultimate finding of the court. In other words, is there some competent evidence of the *corpus delicti?*

Appellant took the stand in his own behalf and produced other witnesses. He was not required to do this, and if he thought the state had failed to make out a case against him because its evidence was insufficient to establish the *corpus delicti* or any other essential fact, he had a right to stand on the record and demand an acquittal. When, however, appellant testified and produced other evidence he thereby authorized the court to determine the sufficiency of the proof from the whole case. *Kaye* v. *United States* (1910), 177 Fed. 147, 150, 100 C. C. A. 567. Instead, he established by direct proof, or by fair inference, that he owned an automobile that was involved in an accident at the intersection of two public highways; that a short time before the occurrence he was driving said car alone toward the scene; that the car was wrecked in a collision with a tree; and that soon after he was found on the floor of the car in a "knocked out" condition. This was some evidence of the fact that appellant was operating a motor vehicle upon a public highway of this state, as charged in the affidavit.

A State Police detective, who saw appellant at a doctor's office a short time after the accident occurred, testified that appellant talked incoherently and "awfully thick;" that his breath smelled very strongly of alcohol; and that the witness could tell that appellant was intoxicated without considering his admissions. Another State Police official said that appellant's face was flushed; that he talked freely; that there was a strong odor of alcohol upon his breath; and that the witness could tell from his appearance and manner of speech that he was intoxicated at the time. Appellant's

own physician testified that he smelled intoxicating liquor on the breath of his patient while he was treating him later in the night. Eliminating all consideration of appellant's admissions, there is yet enough evidence to sustain a finding of intoxication. When the corroborating proof and the appellant's admissions are considered together, it can not be successfully contended that the *corpus delicti* was not established.

The judgment is not contrary to law and it is sustained by the evidence.

Affirmed.