## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 09 2015, 8:35 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Suzy St. John<br>Marion County Public Defender<br>Appellate Division<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Angela N. Sanchez<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Xiomara Kyle,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 9, 2015<br><br>Court of Appeals Case No.<br>49A02-1501-CR-39<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Allan W. Reid, Judge Pro Tempore<br><br>Trial Court Cause No.<br>49F10-1403-CM-13264 |

**Crone, Judge.**

# Case Summary

[1] Xiomara Kyle appeals her conviction for class A misdemeanor operating while intoxicated ("OWI") with endangerment ("Count I"). She challenges the trial court's admission of her statement to police that she was the driver of the crashed vehicle. She also contends that she was deprived of her constitutional protection against double jeopardy when the trial court failed to vacate her conviction of one count of operating a vehicle with a blood alcohol concentration ("BAC") above 0.15% ("Count II"). We affirm her conviction on Count I and remand with instructions to clarify the abstract of judgment to specify that the judgment of conviction for Count II was either vacated or never entered.

# Facts and Procedural History

[2] On March 13, 2014, Kyle went to a casino with her friends Jackie and Michael Dodd. The group traveled in the Dodds' vehicle, and by the time they left the casino around 2:00 a.m., Kyle had consumed multiple alcoholic beverages. On the trip home, shortly after 4:00 a.m., the vehicle crashed into a barrier wall along Interstate 465 and was positioned such that the driver's side doors could not be opened.

[3] At 4:26 a.m., Indiana State Trooper Stephon Mason was dispatched to the accident scene. On arrival, he saw Jackie emerge from the back passenger's seat and observed Kyle climbing from the driver's seat to the front passenger's seat with help from Michael, who was outside the vehicle. When Trooper

Mason asked who had been driving, Jackie and Michael denied driving, and Kyle admitted that she had been the driver. She told the officer that she had crashed the vehicle while experiencing a seizure and that she had broken her hip. She also told him that she had consumed alcoholic beverages. Trooper Mason observed that she had glassy, red eyes and slurred speech and smelled like an alcoholic beverage. Kyle was transported to a local hospital, where she consented to a blood draw. At 6:09 a.m., her BAC registered at 0.25%.

[4] The State charged Kyle with Count I class A misdemeanor OWI with endangerment and Count II class A misdemeanor operating a vehicle with a BAC above 0.15%. The trial court found her guilty as charged, but pursuant to the State's request, the court indicated that Count II would merge with Count I. The trial court sentenced her only on Count I. Kyle now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

## Section 1 – The trial court acted within its discretion in admitting the officer's testimony concerning Kyle's confession that she was the driver.

[5] Kyle challenges the trial court's admission of her statement to Trooper Mason that she was driving the vehicle when it crashed. In recognition of the trial court's broad discretion when ruling on the admissibility of evidence, we reverse those rulings only when the trial court has abused its discretion. *Halliburton v. State*, 1 N.E.3d 670, 675 (Ind. 2013). An abuse of discretion

occurs where the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[6]     At the outset, we address the State's argument that Kyle waived her challenge to the admissibility of her confession by failing to raise a contemporaneous objection at trial and failing to raise it as fundamental error on appeal. *See Rhodes v. State*, 996 N.E.2d 450, 454 (Ind. Ct. App. 2013) (finding waiver where defendant failed to make contemporaneous objection or otherwise demonstrate fundamental error); *see also Hollingsworth v. State*, 987 N.E.2d 1096, 1098-99 (Ind. Ct. App. 2013) (finding waiver where appellant failed to present cogent argument on fundamental error in brief), *trans. denied*. Although we agree with the State that ordinarily waiver would apply where the defendant failed to object at trial and has failed to raise the issue as fundamental error on appeal, we note that Kyle challenges the admission of her confession within the context of her primary argument that the State failed to establish the corpus delicti, or "body or material substance of the crime." *Harkrader v. State*, 553 N.E.2d 1231, 1233 (Ind. Ct. App. 1990), *trans. denied*.

[7]     As used in criminal law, the corpus delicti refers to the "the fact that a crime has been committed" by someone. *Hunt v. State*, 216 Ind. 171, 178, 23 N.E.2d 681, 684 (1939). The rationale behind the rule is to prevent convictions based solely on a defendant's extrajudicial confession to a crime without adequate corroboration that a crime was committed at all. *Jones v. State*, 253 Ind. 235, 244, 252 N.E.2d 572, 577 (1969), *cert. denied* (1977).

[8]     "The corpus delicti *need not be established prior to admission of the confession* so long as the totality of independent evidence presented at trial establishes it." *Winters v. State*, 727 N.E.2d 758, 762 (Ind. Ct. App. 2000), *trans. denied* (emphasis added). Because the stringent rules concerning the order of proof have been "abrogated by this Court," the State is permitted to offer testimony concerning a defendant's confession before establishing the corpus delicti. *Williams v. State*, 837 N.E.2d 615, 618 (Ind. Ct. App. 2005), *trans. denied* (2006). The State can establish the corpus delicti at any time during its case-in-chief "by independent evidence from which an inference may be drawn that a crime was committed." *Winters*, 727 N.E.2d at 762.

[9]     Here, Kyle requested dismissal after the State's case-in-chief, claiming that the State had failed to establish the corpus delicti and that its case could not be predicated solely upon her confession to Trooper Mason. *See Hunt*, 216 Ind. at 178, 23 N.E.2d at 684 ("the mere extrajudicial admission or confession of the accused, uncorroborated by other evidence, will not establish the corpus delicti."). Within the limited context of establishing the corpus delicti, we find this to be sufficient to preserve the issue for appeal even absent a contemporaneous objection. *See Pawloski v. State*, 269 Ind. 350, 359, 380 N.E.2d 1230, 1235 (1978) (reasoning that because order of proof is within trial court's discretion, trial court did not err in allowing State to reopen case-in-chief to establish corpus delicti by independent evidence beyond defendant's confession).

Turning now to Kyle's argument, she asserts that the State failed to present sufficient evidence independent of her confession to establish the corpus delicti for Count I.[1] We disagree. First, the independent evidence required to establish the corpus delicti need not be direct but rather may be circumstantial. *Id*. Moreover, "[t]he independent evidence need not be shown beyond a reasonable doubt nor demonstrate prima facie proof as to each element of the charged offense, but must support an *inference* that the crime was committed." *Willoughby v. State*, 552 N.E.2d 462, 467 (Ind. 1990) (emphasis added). In other words, for the defendant's confession to be admissible, there must be "some evidence of probative value aside from the confession that tends to prove the commission of the crime." *Id*. (internal quotation marks omitted).

For an OWI case, the corpus delicti requires proof that (1) a motor vehicle was operated on a public highway and (2) the operator of the vehicle was intoxicated at the time. *Hunt*, 216 Ind. at 178, 23 N.E.2d at 684.[2] Kyle appears to contend that, in order to satisfy the element of intoxication for purposes of establishing the corpus delicti, the State was required to prove not only that *she* was intoxicated but also that Michael and Jackie were intoxicated, thus creating a failsafe scenario in which, regardless of which one of the three actually

---

[1] Kyle was charged with OWI with endangerment. *See* Ind. Code § 9-30-5-2 ("a person who operates a vehicle while intoxicated commits … a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.").

[2] For the offense of OWI with endangerment, the corpus delicti would seemingly require a showing that endangerment occurred. Kyle does not dispute that the vehicle was crashed on an interstate highway, a circumstance that involved endangerment to its occupants.

operated the vehicle, the operator would have been intoxicated.[3] We believe that she misconstrues the standard for establishing the sufficiency of evidence to support the *admission of her confession*, which is not proof beyond a reasonable doubt, but merely independent evidence sufficient to support an *inference* that a crime occurred.[4]

[12] The independent evidence shows the following: the vehicle crashed into an interstate highway barrier wall, and no one could exit the driver's side doors. When Trooper Mason arrived, he observed Kyle moving from the driver's seat toward the passenger's seat, a maneuver that would have been unnecessary had she not been in the driver's seat. The officer saw Jackie exit from the back passenger's side door, and Michael was already out of the vehicle and was leaning in to assist Kyle as she moved across the front seats toward the open front door on the passenger's side. This evidence is sufficient to support an inference that Kyle was the operator of the vehicle. Her intoxication was established by her blood test result and corroborated by Trooper Mason's observations at the scene. This independent evidence is sufficient to establish the corpus delicti. In fact, the independent evidence shows not only that a crime was committed, but also that Kyle was the one who committed it.

---

[3] Regarding whether Jackie and Michael were intoxicated, Trooper Mason testified that "they did appear to have consumed alcohol of some sort" and explained that he did no further investigation with respect to the level of their intoxication once Kyle admitted to be being the driver. Tr. at 24-26.

[4] Obviously, once the confession is admitted and independent evidence supports an inference that a crime was committed, the State must prove each element of the offense beyond a reasonable doubt in order to support the conviction itself. Kyle does not challenge the sufficiency of evidence to support her conviction.

Consequently, the trial court did not abuse its discretion in admitting Trooper Mason's testimony that Kyle confessed to being the driver of the crashed vehicle. As such, we affirm her conviction on Count I.

## Section 2 – Due to double jeopardy concerns, the trial court must vacate the judgment of conviction on Count II and clarify the record accordingly.

[13] Kyle maintains that the trial court erred in failing to vacate Count II due to double jeopardy concerns. "A double jeopardy violation occurs when judgments of conviction are entered for the same criminal act and cannot be remedied by the 'practical effect' of concurrent sentences or by merger after conviction has been entered." *West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014), *trans. denied* (2015). "A trial court's act of merging, without also vacating the conviction, is not sufficient to cure a double jeopardy violation." *Id*.

[14] At the close of Kyle's trial, the trial court initially stated that it would enter a judgment of conviction on both counts. The State requested that the convictions be merged and sentence entered on only one count, and the trial court indicated that it would merge Count II into Count I. With respect to Count II, the abstract of judgment simply states "conviction merged." Appellant's App. at 9. The abstract does not indicate whether the trial court actually entered judgment on Count II. As such, we remand with instructions to vacate the judgment of conviction on Count II or specify that such judgment was not entered, thereby clarifying the written record.

Affirmed and remanded.

May, J., and Bradford, J., concur.